MARK MCDERMOTT,

                              *Plaintiff,*

    v.

CORELLE BRANDS, LLC and
INSTANT BRANDS, LLC,

                              *Defendants.*

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, **MARK MCDERMOTT** ("Plaintiff") by and through his undersigned counsel,

**JOHNSON BECKER, PLLC** and **HOWARD STALLINGS LAW FIRM** hereby submits the

following Complaint and Demand for Jury Trial against Defendants **CORELLE BRANDS, LLC**

**and INSTANT BRANDS, LLC,** (hereafter collectively and simply referred to as "Corelle

Brands" or "Defendant"), alleges the following upon personal knowledge and belief, and

investigation of counsel:

## NATURE OF THE CASE

1.      Corelle Brands designed, manufactured, marketed, and sold its soda lime silicate

Pyrex Glassware that suffers from a serious and dangerous defect. Specifically, during ordinary

and routine use, Pyrex Glassware products manufactured from partially tempered soda lime silicate

glass ("Pyrex Glassware") are prone to abrupt and dangerous shattering when exposed to

temperature changes that reasonable consumers expect Pyrex Glassware to withstand based upon

the product's history, advertising, and the company's express claims related to its durability

("Defect").

2. The defective products included in this case are all Pyrex Glassware products made from partially tempered soda lime silicate glass sold by Corelle Brands (also called World Kitchen, LLC).

3. At all relevant times, Corelle Brands knew or should have known of the Defect but nevertheless marketed, advertised, and sold glass cookware under its Pyrex name without distinguishing between the older borosilicate glass products and the defective soda lime silicate glass products; failed to warn consumers that the type of glass used to manufacture its Pyrex products had changed and that the soda lime silicate glass used for the Pyrex products creates serious safety risks; and failed to recall the dangerously defective Pyrex Glassware despite its knowledge of the risk of significant injuries the Defect poses to consumers as well as the Defect's likelihood of causing a catastrophic failure of the product.

4. As a direct and proximate result of the Defect and the inherent safety risk posed by the Defect, and as a direct and proximate result of Corelle Brands' concealment of the Defect, its failure to warn customers before their purchase of the products' change and Defect, its failure to remove the defective Pyrex Glassware from the stream of commerce, and its failure to recall or remedy the Defect, Plaintiff purchased and used Corelle Brands' defective and unsafe Pyrex Glassware, which resulted in serious and significant injuries to the Plaintiff.

## PLAINTIFF MARK MCDERMOTT

5. Plaintiff is a resident and citizen of the City of Charlotte, County of Mecklenburg, State of North Carolina.

6. On or about July 17, 2021, Plaintiff suffered serious and substantial injuries as the direct and proximate result of the defective soda lime silicate glassware exploding.

**DEFENDANT CORELLE BRANDS, LLC (F/K/A INSTANT BRANDS, LLC)**

7.      Defendant designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including, *inter alia*, glasswares, air fryers, and blenders.

8.      Defendant Corelle Brands is an Illinois limited liability company with its principal place of business located at 3025 Highland Parkway, Downers Grove, IL 60515, and as such is deemed a citizen of the State of Illinois.

9.      Upon information and belief, "Instant Brands, LLC" was or is a prior alias for Defendant Corelle Brands, LLC, and is an Illinois limited liability company with its principal place of business located at 3025 Highland Parkway, Downers Grove, IL 60515, and as such is deemed a citizen of the State of Illinois.

10.     On June 12, 2023 Defendant commenced a Chapter 11 proceeding. *See In re Instant Brands Acquisition Holdings Inc., et al.* (Bankr. S.D. Tex. Case No. 23-90716) (the "Bankruptcy Case"). On February 23, 2024 the Bankruptcy Court issued a *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* at Dkt. No. 1146. Exhibit A to the Order, Article VII, section L states the following:

> Nothing herein (including Articles XI.B and XI.G) shall preclude Holders of Product Liability Claims from (1) naming a Reorganized Debtor as a nominal defendant in an action brought in respect of a Product Liability Claim, thereby allowing, and solely to the extent required to enable, the named Reorganized Debtor to tender the applicable Product Liability Claim to the applicable Third-Party Indemnitor under all available and applicable Third-Party Indemnifications (as set forth in Article II.D), if any, as will be adjudicated by the Bankruptcy Court in connection with Confirmation unless otherwise consensually settled or resolved, or (2) otherwise pursuing their Claims against Insurers under all available and applicable Insurance Contracts; *provided*, that none of the Reorganized Debtors shall have any obligation to participate or assist in any action brought in pursuit of any

Product Liability Claims or have any liability with respect to any Product Liability Claims. For the avoidance of doubt, all liabilities of the Debtors, the Debtors' Estates, or the Reorganized Debtors for any Product Liability Claims shall be discharged on the Effective Date in accordance with the Plan. To ease the burdens on the Reorganized Debtors, all Holders of Product Liability Claims may use any discovery previously taken in connection with any previous Product Liability Claim against the Debtors, and both the Debtors and the Reorganized Debtors waive any prior protective orders to the extent necessary to effectuate this paragraph (however, any prior confidentiality designations are expressly preserved and shall remain in effect). To the extent that a Product Liability Claim is not satisfied by an Insurer or Third-Party Indemnitor, the Holder will be permitted to assert such Excess Product Liability Claim as a General Unsecured Claim (subject to prior compliance with the Bar Date Order). The Distribution Agent, the Litigation Trustee, or any Holder of a Product Liability Claim may seek estimation of any expected Excess Product Liability Claim, including for purposes of establishing an appropriate reserve in connection with any distributions from the Litigation Trust.

11.    This proceeding was initially commenced in the Bankruptcy Case by the filing of a Proof of Claim on October 11, 2023 [Claim No. 0000010714 and Claim No. 0000010713]. This action is being initiated now in this District Court solely to ensure satisfaction of the Plaintiff's applicable statute of limitation, but remains subject to the above cited Order in the Bankruptcy Case, and thus this action should be stayed until the conditions in paragraph 31(a) of such Order are satisfied.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant

has sufficient minimum contacts with the State of North Carolina and intentionally avails itself of the markets within North Carolina through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Corelle Brands is engaged in the business of designing, manufacturing, warranting, marketing, advertising, and selling Pyrex Glassware.

16. Pyrex Glassware is used for food preparation through freezing, storing, cooking, baking, or microwaving foods placed in Pyrex Glassware, each of which subjects the glassware to different temperatures. Consumers turn to Pyrex Glassware because of its reputation for sturdiness and versatility in the kitchen. However, when partially heat-tempered soda lime Pyrex Glassware is exposed to a sudden change of temperature of approximately 99 degrees, it is susceptible to fracturing, breaking, shattering, or exploding. For example, a difference in temperature that exceeds 99°F can and does occur by placing a hot Pyrex Glassware item on a room temperature trivet. Further, such a difference in temperature exceeding 99°F can and does occur through the baking process, or by leaving Pyrex Glassware in the oven to cool.

17. Throughout Pyrex Glassware's Owner's Manual and other written documents authored by Corelle Brands and distributed with its products or provided publicly to consumers through its website, Corelle Brands expressly warrants that Pyrex Glassware is free from defects, durable, and suitable for use when cooking at high temperatures.[1]

18. Several publications regarding consumer products, including Consumer Reports and the American Ceramics Bulletin, published studies showing that the partially heat-tempered soda lime silicate Pyrex Glassware has a much lower resistance to temperature change than

---

[1] *See PYREX Limited Two-Year Warranty*, http://www.pyrexware.com/4.5-qt-oblong-bakingdish/5302470.html#start=2

traditional Pyrex Glassware made from borosilicate glass, and thus has a much higher susceptibility to fracturing, breaking, shattering, or exploding.

19. Plaintiff purchased and/or used her Pyrex Glassware reasonably believing it was properly designed and manufactured, free from defects, and safe for its intended use.

20. Plaintiff purchased and/or used her Pyrex Glassware for its intended purpose of preparing meals at home in a manner reasonably foreseeable by Corelle Brands.

21. However, the aforementioned Pyrex Glassware was defectively and negligently designed and manufactured by the Defendant in that the Defect renders it unsafe as it is unable to properly resist thermal shock for regular changes in temperature of 99°F or higher that occur when used for its intended purpose.

22. The Defect makes the Pyrex Glassware much more susceptible to sudden glass fracturing, breaking, shattering, or exploding during normal and expected household cooking, exposing consumers to glass shards and hot contents contained within the glassware; just as it did in this case.

23. Corelle Brands knew or should have known that the Defect exists in the Pyrex Glassware at the point of sale and of the serious safety risk it posed to consumers and the public, including Plaintiff, but chose to conceal its knowledge from consumers who purchased Pyrex Glassware. In fact, when reports and studies were released explaining that the soda lime silicate Pyrex Glassware was defective and had a significantly lowered its thermal shock resistance, Corelle Brands—as noted above—actively attempted to refute and discredit those reports and studies.

24. As a direct and proximate result of the Defect and the inherent safety risk posed by the Defect, and as a direct and proximate result of Corelle Brands' concealment of the Defect, its

failure to warn customers before their purchase of the products' change and Defect, its failure to remove the defective Pyrex Glassware from the stream of commerce, and its failure to recall or remedy the Defect, Plaintiff purchased and used Corelle Brands' defective and unsafe Pyrex Glass.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Products Liability Inadequate Warning or Instruction N.C. Gen. Stat. § 99B-1, et seq.

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

26. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

27. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

28. CORELLE BRANDS designs and manufactures the glassware at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

29. CORELLE BRANDS distributes and sells the glassware at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

30. At all relevant times, when CORELLE BRANDS designed, manufactured, and sold the subject glassware, CORELLE BRANDS knew or should have known that the glassware could explode when exposed to sudden changes in heat.

31. Plaintiff did not know of the risk that the subject glassware would explode, nor was that risk open, obvious, or a matter of common knowledge to consumers.

32. At the time the Subject glassware left the control of CORELLE BRANDS, it did not contain adequate warnings or instructions.

33. CORELLE BRANDS acted unreasonably in failing to provide any of the warnings or instructions.

34. The lack of adequate warnings and instructions created an unreasonably dangerous condition that CORELLE BRANDS and knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to Plaintiff, a reasonably foreseeable claimant.

35. Alternatively, on information and belief, after the Subject glassware left the control CORELLE BRANDS, those Defendant became aware of, or in the exercise of ordinary care should have known, the fact that the subject glassware posed a substantial risk of harm to Plaintiff, a reasonably foreseeable user, and failed to give adequate warning or instruction or to take other reasonable action under the circumstances, including but not limited to recalling the subject glassware.

36. As a proximate result of the failure of CORELLE BRANDS to provide adequate warnings and instructions, Plaintiff suffered significant bodily injury when the subject glassware spontaneously exploded.

## SECOND CAUSE OF ACTION
**Products Liability – Inadequate Design or Formulation N.C. Gen. Stat. § 99B-1, et seq.**

37. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

38. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

39. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

40. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

41. CORELLE BRANDS designs and manufactures the glassware at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

42. CORELLE BRANDS distributes and sells the glassware at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

43. At the time CORELLE BRANDS designed and manufactured the Subject glassware, CORELLE BRANDS acted unreasonably in manufacturing the Subject glassware, and the Subject glassware was defective.

44. Plaintiff put the Subject glassware to its ordinary use and without any warning, the Subject glassware exploded, causing severe bodily injuries.

45. The incident was the result of a design flaw that allowed the glassware to explode when exposed to sudden heat changes.

46. At the time the subject glassware left the control of CORELLE BRANDS, CORELLE BRANDS unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

47. At the time the product left the control of CORELLE BRANDS the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not a product of this design.

48. No unusual conditions were present with respect to the subject glassware that would have caused a spontaneous explosion absent a flawed design.

49. The subject glassware was a dangerous instrumentality or substance.

50. As a result, CORELLE BRANDS had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject glassware might explode, including performing reasonable tests and inspections to discover latent hazards.

51. At the very least, CORELLE BRANDS had a duty to take reasonable care in the

design and manufacture of the subject glassware.

52.     As a proximate result of the inadequate design of the subject glassware and CORELLE BRANDSs unreasonable acts as described herein, the Subject glassware failed catastrophically during its foreseeable and intended use, which caused it to explode, resulting in significant bodily injury to Plaintiff.

### THIRD CAUSE OF ACTION
### Common Law Negligence

53.     Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

54.     The subject glassware was a dangerous instrumentality or substance.

55.     As a result, CORELLE BRANDS had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject glassware might suffer, including performing reasonable tests and inspections to discover latent hazards.

56.     At the very least, CORELLE BRANDS owed Plaintiff a duty to use reasonable care throughout the design, manufacturing, and/or sale of the subject glassware, including ensuring that the subject glassware was free of any potentially dangerous manufacturing defects.

57.     CORELLE BRANDS breached its duty to Plaintiff. CORELLE BRANDS was negligent, careless, and reckless in the manufacture, design and/or sale of the subject glassware in at least the following ways:

   a. Unreasonably failing to implement appropriate processes, procedures, and systems throughout the manufacture of its glasswares;

   b. Failing to provide adequate warnings about the risk that the subject glassware would fail and spontaneously explode, causing severe bodily harm;

c. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject glassware would fail and spontaneously explode, causing severe bodily harm;

d. Failing to provide adequate instructions for the proper handling and use of the subject glassware; and/or

e. Failing to recall the subject glassware.

58. As the actual and proximate result of CORELLE BRANDS conduct, Plaintiff suffered significant bodily injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

59. That Plaintiff have and recover judgment against the Defendant an amount in excess of $75,000.00 for all damages;

60. That costs of this action be taxed against the Defendant;

61. That Plaintiff be granted a trial by jury on all issues so triable

62. That Plaintiff receive prejudgment interest from Defendant as of the date of filing of the Original Complaint, pursuant to N.C.G.S. 24-5(b);

63. That Plaintiff be awarded attorneys' fees if allowed by law;

64. That Plaintiff recover punitive damages if it can be shown that Defendant acted fraudulently, with malice, or that their conduct was willful or wanton; and

65. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY DEMAND

66. Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**HOWARD STALLINGS LAW FIRM**
Attorneys at Law
Raleigh, North Carolina

Respectfully Submitted, this the 25th day of March, 2024.

Respectfully Submitted, this the 25th day of March, 2024.

HOWARD STALLINGS LAW FIRM

By: ___/s/ Robert H. Jessup_____
Robert H. Jessup (N.C. Bar No. 42945)
Post Office Box 12347
Raleigh, North Carolina 27605
(919) 821-7700
(919) 821-7703 (Fax)
rjessup@hsfh.com

*In association with:*

JOHNSON BECKER, PLLC

Michael K. Johnson, Esq. (MN #0258696)
Kenneth W. Pearson, Esq. (MN #016088X)
Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***

**HOWARD STALLINGS LAW FIRM**
Attorneys at Law
Raleigh, North Carolina